F. A. NORTH COMPANY, A CORPORATION, PLAINTIFF-AP-
PELLANT, v. CARMELO MANIERA, DEFENDANT-AP-
PELLEE.

Submitted November 7, 1924—Decided January 21, 1925.

**Contracts—Rent of Piano—Counter-claim of Alleged Unfitness
for Use—Error to Admit Statement of Plaintiff's Employe,
a Mere Workman Employed to Move the Piano, That It
was "Unfit for Use."**

On appeal from the Atlantic City District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Albert Hughes* and *Aaron Dawes.*

For the appellee, *S. Paul Ridgeway* and *Katzenbach &
Hunt.*

PER CURIAM.

This action was brought in the District Court of Atlantic
City to recover $36, being three months rent for a piano,
hired under a written contract or lease. The defendant filed
a counter-claim for $152 for alleged damages by reason of
breach of an implied warranty of *fitness for use.* Judgment
was rendered in favor of defendant for $112 and costs by the
trial judge, sitting without a jury.

. After reciting evidence produced by the defendant tending
to show that the instrument was *not fit for use,* the agreed
state of case states "the defendant then stopped payment on
the lease and demanded that the instrument be removed.
Defendant testified, over objections of plaintiff, that such
testimony was incompetent, that plaintiff's agent then visited
the defendant's house with a workman, who, having examined
the instrument, turned to plaintiff's agent and said, 'for
* * * sake get it out of here, it's no good,' referring to
the piano in question, the declarations of the workman were

admitted over the objections of plaintiff's attorney on the ground that the statements were not binding, and were made without the authority and were incompetent."

Plaintiff now urges that, as matters stood, such testimony was incompetent and not binding on the plaintiff.

We think that there was error in the admission of the declaration of the workman, "get it out of here; it is no good." This workman, plainly, had no authority to bind the plaintiff, and if he had been present in the court, would not have been permitted to testify until his expert qualifications had been shown. The statement was hearsay, and the workman was not authorized to make declarations concerning the *condition of the piano. Huebner* v. *Erie Railroad Co.,* 69 *N. J. L.* 327, is controlling. A principal is bound by acts and concomitant declarations of an agent touching such matters only as are within the scope of his general employment, or have been specially entrusted to his agency by the principal. As the proofs stood, he went there as a "workman" (not as a repairman) in response to a demand "that the instrument be *removed.*" The fair implication is that this particular workman was sent to remove the instrument, and not to ascertain its condition and fitness for use as a musical instrument. It is true that he examined the instrument, but the declaration was made thereafter, and his examination, so far as appears, was entirely consistent with the purpose for which he was sent, namely, to remove the piano.

We, therefore, think that the workman's declaration was not made by one authorized to make it so as to be binding upon the plaintiff, and that the court erred in admitting it. As the court thought it was evidential, it is just to presume that he gave credence to it in deciding against the plaintiff.

Since the case must be retried we remark that we do not perceive any other error in the trial.

The judgment will be reversed and a *venire de novo* awarded.